IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW LEONARD ZETTERVALL,<br><br>*Plaintiff,*<br><br>v.<br><br>LEIDOS,<br><br>*Defendant.* | Case No. 1:23-cv-00205 (PTG/IDD) |

## MEMORANDUM ORDER

This matter comes before the Court on Defendant's Motion to Dismiss ("Motion"). Dkt. 7. Defendant moved to dismiss the Complaint for being time-barred. Because Plaintiff is proceeding *pro se*, Defendant advised Plaintiff that the Motion could be granted on the papers if Plaintiff failed to file a response within twenty-one (21) days of the filing of the Motion. *See* Local Rule 7(k) of the Eastern District of Virginia; *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975). Plaintiff's response was due on May 1, 2023. Plaintiff did not, and has not, filed a proper response to date.[1] Accordingly, this Court will proceed to ruling on the Motion. For the reasons explained below, the Court GRANTS Defendant's Motion.

On February 14, 2023, Plaintiff, proceeding *pro se*, filed a Complaint in this Court pursuant

---

[1] On May 18, 2023, Plaintiff did file a "'Report of Investigation' as evidence to support [his] claim." Dkt. 12. That document purportedly contains a January 23, 2023 investigative file in a claim Plaintiff filed against the Department of the Navy. *See* Dkt. 12-1. Even applying the lenient construction generally afforded to *pro se* parties, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that document does not constitute a response to Defendant's Motion to Dismiss. Even further, on a 12(b)(6) motion to dismiss, the Court is generally constrained to the four corners of the complaint. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). However, even if the Court did consider it, the "Report of Investigation" does not bear on the issue of whether Plaintiff's Complaint was timely.

1

to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Dkt. 1. In his Complaint, Plaintiff alleges: (1) he was fired on November 24, 2021, "because [he] obtained a religious exemption from the Covid-19 vaccination mandate," and (2) he "was not provided reasonable accommodations for [his] hearing disability prior to and during [his] termination." *Id.* at 4. Plaintiff seeks "all available remedies provided by law, including $10,000,000 in damages." *Id.* On April 10, 2023, Defendant filed the Motion to Dismiss pursuant to Rule 12(b)(6). Dkt. 7.

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This pleading standard does not require detailed factual allegations, rather, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must construe *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In support of its Motion, Defendant asserts Plaintiff's Complaint should be dismissed as untimely, because he failed to file an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged adverse employment action. Dkt. 8 at 1. More specifically, Defendant avers that because (1) the conduct alleged occurred on or before November 24, 2021, and (2) Plaintiff's EEOC charge was filed no earlier than November 7, 2022, this matter is time-barred and not actionable. *Id.* at 4.

Defendant is correct. Generally, an individual must file a charge with the EEOC within 180 days of the alleged misconduct before they may file a lawsuit for ADA or Title VII violations.

2

42 U.S.C. § 2000e–5(e)(1); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). However, when, as here, an individual seeks to file such in a deferral state, the aforementioned period is extended to 300 days. *Williams*, 370 F.3d at 428. "A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

As mentioned, the misconduct alleged—discriminatory firing and failure to accommodate—all occurred on November 24, 2021. Dkt. 1 at 3. Consequently, Plaintiff had to file his EEOC charge no later than September 20, 2022 to avoid a time bar. However, the EEOC Notice of Charge of Discrimination letter attached to Defendant's Motion[3] indicates Plaintiff's Complaint was filed in November 2022. Dkt. 8-1. Plaintiff offers no facts in his Complaint to dispute this conclusion, nor did he oppose Defendant's Motion to Dismiss. Thus, there are no facts before the Court to indicate that Plaintiff filed his EEOC charge within the 300-day limitations period. To the contrary, it appears Plaintiff did not file within the limitations period. Therefore, the matter is time-barred and must be dismissed.

Dismissal with prejudice is warranted where amendment would be futile in light of the [complaint's] fundamental deficiencies. *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). The Fourth Circuit provides that courts have discretion to determine if further amendment would be futile. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). In this case, for the foregoing reasons, the Court finds Plaintiff cannot cure the time-bar issue, and further amendment would be futile. Accordingly, upon consideration of Defendant's Motion to Dismiss (Dkt. 7) and the entire record herein, it is hereby

---

[3] The Court finds that the EEOC documentation attached to Defendant's Motion may be considered because it is integral to the Complaint and Plaintiff has not challenged its authenticity. *See Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (holding that the Court "may consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic") (internal citations omitted).

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED**; and it is further

**ORDERED** that this civil action be and is **DISMISSED WITH PREJUDICE**.

To appeal this decision, Plaintiff must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is directed to forward copies of this Order to counsel of record and to the pro se Plaintiff at the address provided.

Dated: July 12, 2023
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

4